JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WADE M. RHYNE (CABN 216799)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   E-Mail: wade.rhyne@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> JOSE LUIS OCHOA-GUTIERREZ (a/k/a ) <br> Jose Miguel Ochoa, a/k/a Jose Luis ) <br> Gutierrez, a/k/a Jose Ochoa, a/k/a Julian ) <br> Ochoa Gutierrez, a/k/a Manuel Ochoa, a/k/a ) <br> Jose Luis Ochoa-Gutierrez), ) <br> ) <br>    Defendant. ) <br> _____ ) | No. CR-08-0153 DLJ <br><br> GOVERNMENT'S SENTENCING MEMORANDUM <br><br> **Sentencing Date: August 1, 2008, 10:00 a.m., The Honorable D. Lowell Jensen** |

## INTRODUCTION

The United States of America requests that the Court sentence Defendant Jose Luis Ochoa-Gutierrez to a sentence of imprisonment of 57 months, the low end of the United States Sentencing Guidelines ("Guidelines") range for adjusted offense level 21 and a Level IV Criminal History Category, three years of supervised release, and a $100 special assessment.

That sentence is consistent with the Plea Agreement and the recommendation of the United States Probation Office ("USPO").

## BACKGROUND

On May 16, 2008, Defendant pled guilty to a one count Indictment charging him with violation of Title 8, United States Code, Section 1326(a) and (b), for being a deported alien found in the United States. Pursuant to the plea agreement, Defendant agreed that he was found in the United States on February 23, 2008.[1] The parties agreed to a sentence of imprisonment at the low end of the Guidelines range for adjusted offense level 21 and the applicable criminal history category as determined by the Court, three years of supervised release, and a $100 special assessment.

The Presentence Investigation Report ("PSR") adequately sets forth Defendant's criminal activity. Consequently, the United States will not repeat the information in this section.[2]

## ARGUMENT

**I. PURSUANT TO THE SENTENCING GUIDELINES, DEFENDANT SHOULD BE SENTENCED TO 57 MONTHS IMPRISONMENT AND THREE YEARS OF SUPERVISED RELEASE.**

---

[1] The United States objects to Paragraph 7 of the Presentence Investigation Report ("PSR"). The PSR uses January 31, 2006—a date of one of Defendant's prior arrests—as the "found in" date. Defendant's actual "found in" date is February 23, 2008, which is the date he was arrested for the instant offense and when the Bureau for Immigration and Customs Enforcement ("ICE") first discovered that Defendant may have violated Section 1326. *See United States. v. Hernandez*, 189 F.3d 785, 789-91 (9th Cir. 1999) (recognizing that the crime of being "found in" the United States continues until the immigration authorities discover the defendant, stating, "[t]he offense of being found in the United States ends when an alien is discovered and identified by the immigration authorities. We conclude that the crime is completed at that point not only for statute of limitations and *Sentencing Guidelines purposes*, but also for venue.") (emphasis added) (citing *United States v. Guzman-Bruno*, 27 F.3d 420, 423 (9th Cir. 1994) (other citations omitted). Accordingly, February 23, 2008 is the operative "found in" date because that is the date when Defendant was both arrested and discovered by immigration authorities for the instant offense.

[2] The United States notes for the record that Paragraph 32 of the PSR appears to overstate Defendant's total criminal history points as totaling nine. (PSR ¶ 32.) The USPO's initial calculation was based on Defendant's "found in" date occurring on January 31, 2006. The USPO correctly concluded that if Defendant committed the instant offense on January 31, 2006, then he would have qualified for an additional two criminal history points for committing the instant offense within two years following his release from imprisonment on a previous offense. (PSR ¶¶ 29, 31-33) (citing U.S.S.G. § 4A1.1(e).) However, because Defendant actually committed the instant offense on February 23, 2008, the instant offense occurred more than two years after his release from imprisonment on any prior convictions. As a result, Defendant's criminal history points actually total seven instead of nine. Nevertheless, he remains in Criminal History Category IV. The United States has conferred with the USPO and we are in agreement as to Defendant's criminal history points and resulting Criminal History Category.

1   The United States agrees with the Guidelines calculations set forth in the PSR resulting in
2 a total offense level of 21 and a criminal history category of IV. (PSR ¶¶ 11-23, 22-30.)
3 Pursuant to the Plea Agreement in this matter, the United States recommends a sentence of 57
4 months imprisonment and three years of supervised release.

5 **II.    APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES
       THAT A SENTENCE OF 57 MONTHS IMPRISONMENT AND THREE YEARS
6      OF SUPERVISED RELEASE IS REASONABLE.**

7   The Supreme Court recently noted that the "Guidelines . . . seek to embody the § 3553(a)
8 considerations, both in principle and in practice." *Rita v. United States*, 127 S. Ct. 2456, 2464
9 (2007). These factors or considerations include the need for the sentence to promote respect for
10 the law, afford adequate deterrence, and protect the public from further criminal conduct by the
11 defendant. 18 U.S.C. § 3553(a). The sentence recommended by the parties achieves all of these
12 sentencing goals. Defendant has previously been deported from the United States on two
13 previous occasions. (PSR ¶ 6.) Additionally, Defendant has amassed a concerning criminal
14 record in the United States, that includes convictions for possession of cocaine and
15 methamphetamine for sale, and for felony re-entry, in addition to an arrest wherein Defendant
16 fled from police, resisted apprehension, and then attempted to eat a baggy of cocaine in an
17 apparent effort to destroy incriminating evidence. (PSR ¶¶ 24-34.)

18   Accordingly, a sentence of 57 months imprisonment, three-years supervised release, and a
19 $100 special assessment is therefore reasonable and appropriate.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court determine that defendant's adjusted offense Guidelines offense level is 21 and his criminal history category is IV. The United States further respectfully requests that, taking into consideration the sentencing factors set forth in section 3553(a), the Court sentence defendant to the -end of the applicable Guidelines range, namely, 57 months imprisonment, impose a three-year term of supervised release (under the terms and conditions recommended by the USPO), and order defendant to pay a $100 special assessment.

DATED: July 24, 2008                    Respectfully submitted,

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney

                                        /s/ WMRy

                                        _____
                                        WADE M. RHYNE
                                        Assistant United States Attorney